UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARCIA VERONICA HERON;
KEMAR BLAKE,

                *Plaintiffs*,

– against –

GUNJAN KEIDA CEO OF US BANK TRUST, N.A.; PETER SLAGOWITZ, *CEO of Spurs Capital, LLC*; & NICK HO,

                *Defendants.*

**MEMORANDUM & ORDER**
25-cv-04315 (NCM) (CLP)

**NATASHA C. MERLE**, United States District Judge:

On August 4, 2025, plaintiffs Marcia Veronica Heron and Kemar Blake, proceeding *pro se*, filed this action invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331 in relation to property located at 1740 E. 54th Street, Brooklyn, NY 11234 ("the property"). *See generally* Compl., ECF No 1. Plaintiffs paid the required filing fee. *See* ECF No. 2.

Plaintiffs have also filed an "Emergency Motion for Permanent Injunction and Order," which requests that the Court enjoin defendants Gunjan Keida, CEO of U.S. Bank Trust, N.A., Peter Slagowitz, CEO of Spurs Capital, LLC, and Nick Ho from: (1) "commencing, continuing, or enforcing any eviction or ejectment process against Plaintiffs at 1740 E. 54th Street, Brooklyn, NY 11234," (2) "taking any action that would affect the title, possession, or occupancy of the property without express leave of this Court," and (3) "executing or enforcing any warrant of eviction or removal that has not been issued pursuant to proper judicial proceedings and

1

consistent with state and federal law." *See* Emergency Motion for Permanent Injunction and Order ("Mot.") 2, ECF No. 4.[1]

After plaintiffs filed their Motion for a Permanent Injunction, defendants submitted a request for a pre-motion conference in anticipation of filing a motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Pre-Motion Conference Request ("PMC Req."), ECF No. 6.

Plaintiffs' motion for permanent injunctive relief is **DENIED** as plaintiffs' complaint fails to plead the existence of the Court's subject matter jurisdiction over this case. Plaintiffs are directed to Show Cause by filing a signed written document within 30 days from the date of this Order, setting forth why the action should not be dismissed for lack of subject matter jurisdiction. Defendants' request for a pre-motion conference is held in abeyance pending plaintiffs' response to the Order to Show Cause. All further proceedings in this action are stayed.

## BACKGROUND

This case involves a dispute over the ownership and possession of property located at 1740 E. 54th Street, Brooklyn, NY 11234. *See generally* Compl. Plaintiffs allege that they hold an equitable ownership and possessory interest in the property that is superior to the interests in the property that have purportedly been acquired by the defendants. *See* Compl. 2–3. Plaintiffs allege that defendants sought possession of the property despite having both actual and constructive notice of the plaintiffs' prior claims. Compl. 2. Plaintiffs further allege that in or around June 2025, defendants initiated eviction and enforcement actions without legal authority. Compl. 2. Plaintiffs assert that the actions taken by defendants violated the Contracts

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

Clause of the United States Constitution, which prohibits state action impairing contractual obligations. Compl. 2. Plaintiffs' complaint also alleges that defendants' actions violated plaintiffs' superior interest in the property which was secured pursuant to UCC § 9-317(a)(2). Compl. 2. Plaintiffs' complaint states that the "Referee's deed that was used to falsify the record," and which "list[ed] [plaintiffs] as [] tenant[s], was defective on its face because there is no verified signature or seal from the county clerk or title Agency." Compl. 2. While not contained in their complaint, plaintiffs' motion for injunctive relief also alleges that defendants' actions violated plaintiffs' due process rights secured by the United States Constitution, and the Fair Housing Act ("FHA"), codified at 42 U.S.C. § 3604, as well as the Real Property and Procedures Law ("RPAPL") § 711, a New York State statute. Mot. 1.

Plaintiffs seek a declaratory judgment that plaintiffs' equitable interest in the property is "superior" to and "enforceable" against any interest claimed by defendants, injunctive relief preventing defendants from asserting possession or transferring title, an order voiding any deed, lien, or recordation adverse to plaintiffs' interests, as well as monetary damages, costs, and fees. Compl. 4.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While all factual allegations

---

[2] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

3

contained in the complaint are assumed to be true, this presumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Nonetheless, when the Court reviews a *pro se* complaint it must hold it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent authority to dismiss a case *sua sponte* if it determines that the action is frivolous or that the court lacks jurisdiction over the matter. *See Frein v. Pelosi*, No. 22-1063, 2023 WL 2530453, at *1 (2d Cir. Mar. 16, 2023) (summary order); *Phillips v. Long Island R.R. Co.*, No. 22-123, 2023 WL 2317231, at *1 (2d Cir. Mar. 2, 2023) (summary order); *Nwoye v. Obama*, No. 22-1253, 2023 WL 382950, at *1 (2d Cir. Jan. 25, 2023) (summary order); *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018).

There are two types of federal subject matter jurisdiction. Federal question jurisdiction requires that the complaint have a claim based on federal law. *See* 28 U.S.C. § 1331. Diversity jurisdiction allows federal courts to consider cases arising under state laws, but only if the money value of the lawsuit is greater than $75,000 and defendants live in a different state than the plaintiff. *See* 28 U.S.C. § 1332. Federal courts also have supplemental jurisdiction over state law claims if they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Chestnut v. Wells Fargo Bank, N.A.*, No. 11-cv-05369, 2012 WL 1657362, at *3 (E.D.N.Y. May

7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking.").

## DISCUSSION

### I. Lack of Subject Matter Jurisdiction

Plaintiffs' complaint invokes the Court's federal question jurisdiction based on the Contracts Clause, which provides that "[n]o State shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Const. art. 1, § 10, cl. 1. However, "the Contracts Clause applies only to legislative acts." *Sullivan v. Nassau Cty. Interim Fin. Auth*, 959 F.3d 54, 57 (2d Cir. 2020). Plaintiffs do not allege that any contract between themselves and the defendants was impaired by a state or legislative act.

Though not identified in plaintiffs' complaint, plaintiffs' motion for injunctive relief invokes another federal law: plaintiffs state that defendants' actions violate the FHA. Mot. 1. The FHA forbids discrimination in the sale or rental of a dwelling based on race, color, religion, national origin, sex, disability or family status. *See Tejada v. LittleCity Realty LLC*, 308 F. Supp. 3d 724, 730 (E.D.N.Y. 2018); *Davis v. City of New York*, 959 F. Supp. 2d 324, 367 (S.D.N.Y. 2013). Plaintiffs' motion for injunctive relief states simply that defendants' actions in attempting to remove them "without a valid court judgment [or] proper notice . . . constitute[] housing discrimination." Mot. 1. As plaintiffs do not claim that they were discriminated against in their housing based on a protected characteristic, they have not stated an FHA claim. *McGowan v. Fed. Hous. Auth.*, No. 09-cv-03653, 2011 WL 13109149, at *3–4 (S.D.N.Y. June 21, 2011), *aff'd*, 572 F. App'x 35 (2d Cir. 2014) (dismissing plaintiff's FHA claim because she did not allege that she was discriminated against in the sale or rental of housing on any protected basis).

Thus, "[p]laintiff['s] allegations are insufficient to establish this Court's subject matter jurisdiction because simply referencing constitutional provisions or federal statutes is insufficient to establish subject matter jurisdiction." *Espinoza v. FBI*, No. 21-cv-04749, 2021 WL 6196810, at *2 (E.D.N.Y. Nov. 16, 2021); *see also Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002) ("Simply raising a federal issue in a complaint will not automatically confer federal question jurisdiction."); *Gaston v. Shelter*, No. 24-cv-04386, 2024 WL 3360365, at *2 (E.D.N.Y. July 10, 2024) ("Because plaintiff has not alleged a valid basis for the Court's federal question or diversity jurisdiction, the Court must dismiss plaintiff's complaint for lack of subject matter jurisdiction.").

Furthermore, plaintiffs' allegations against defendants arise out of a state housing matter, over which district courts do not have federal question jurisdiction. *See Worthy-Pugh v. Deutsche Bank Nat'l Tr. Co.*, 664 F. App'x 20, 21 (2d Cir. 2016) (finding that district courts lack jurisdiction to invalidate state foreclosure judgments); *Johnson v. Ikezi*, No. 20-cv-02792, 2021 WL 1091910, at *2 (E.D.N.Y. Mar. 22, 2021) ("[I]t is well settled that judgments of foreclosure are fundamentally matters of state law."); *see also Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) ("[Plaintiff's] complaint arises out of a landlord-tenant dispute over which the federal courts simply have no jurisdiction.") (summary order); *Bey v. Jones*, No. 19-cv-02577, 2019 WL 2028703, at *2 (E.D.N.Y May 8, 2019) ("[T]he Court lacks federal question jurisdiction over [plaintiffs'] state law claims in this landlord-tenant matter."); *McMillan v. Dep't of Bldgs.*, No. 12-cv-00318, 2012 WL 1450407, at *2 (E.D.N.Y. Apr. 26, 2012) ("Wrongful eviction claims, whether for a temporary or final eviction, are state law claims, and this Court lacks subject matter jurisdiction over them."); *Galland v. Margules*, No. 05-cv-05639, 2005 WL 1981568, at *2 (S.D.N.Y. Aug. 17, 2005) ("[T]his Court does not have federal question subject matter jurisdiction over plaintiff's housing law claims, even when such claims are

6

dressed in the garb of constitutional claims.").[3] Lastly, as plaintiffs have failed to establish claims arising under federal law, this Court may, in its discretion, decline to exercise supplemental jurisdiction over plaintiffs' state law claim for violation of RPAPL § 711.[4] *See* 28 U.S.C. § 1367(c). Generally, when the "federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction[.]" *Liberian Cmty. Ass'n of Conn. v. Lamont*, 970 F.3d 174, 183 (2d Cir. 2020) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

## II. The *Rooker-Feldman* Doctrine

To the extent that plaintiffs bring claims for deprivation of due process in the state housing court, these claims are barred under the *Rooker-Feldman* doctrine. This doctrine "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018). The *Rooker-Feldman* doctrine bars federal district courts from reviewing claims where: (1) the plaintiffs lost in state court; (2) the plaintiffs complain of injuries caused by a state court judgment; (3) the plaintiffs invite district court review and rejection of the state court judgment; and (4) the state court judgment was rendered before the district court proceedings commenced. *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir.

---

[3]   Plaintiffs also do not plead facts to establish diversity jurisdiction under 28 U.S.C. § 1332. There is no indication that plaintiffs are citizens of a different state than defendants. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (finding that a case falls within the federal district court's diversity jurisdiction only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state).

[4]   RPAPL § 711 defines a tenant as "an occupant of one or more rooms in a rooming house or a resident, not including a transient occupant, of one or more rooms in a hotel who has been in possession for thirty consecutive days or longer," and describes the circumstances under which a special proceeding may be initiated to remove a tenant or lawful occupant from possession of a dwelling or housing accommodation. *See* N.Y. Real Prop. Acts. Law § 711 (McKinney).

2021) ("The *Rooker-Feldman* doctrine bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases.") (citing 28 U.S.C. § 1257).

Therefore, to the extent plaintiffs request that this Court review a state court's eviction order and overturn it, such relief is foreclosed pursuant to the *Rooker-Feldman* doctrine. *See Dorce*, 2 F.4th at 104 (*Rooker-Feldman* forecloses a court from voiding a state court judgment); *Nunez v. Silber*, No. 22-cv-08416, 2023 WL 2215949, at *3 (S.D.N.Y. Feb. 22, 2023), *appeal dismissed*, No. 23-244, 2023 WL 9837927 (2d Cir. Nov. 2, 2023); *see also Scott v. Cap. One, Nat'l Assocs.*, No. 12-cv-00183, 2013 WL 1655992, at *4 (S.D.N.Y. Apr. 17, 2013) (plaintiff stated that the FHA was applicable but the Court found that the action was in substance an improper attack on the state judgment of foreclosure which was precluded by *Rooker-Feldman*). Therefore, the Court also lacks jurisdiction over this matter pursuant to the *Rooker-Feldman* doctrine. Fed. R. Civ. P. 12(h)(3).

### III. Plaintiffs' Motion for Injunctive Relief

Plaintiffs submitted an "Emergency Motion for Permanent Injunction and Order." *See* Mot. However, because a permanent restraining order is generally only issued following a final judgment on the merits, the Court construes plaintiffs' motion as seeking a temporary restraining order and a preliminary injunction enjoining defendants from commencing, continuing, or enforcing any eviction or ejectment process against plaintiffs. Mot. 2. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("[T]he submissions of a *pro se* litigant must be . . . interpreted to raise the strongest arguments that they suggest."). Plaintiffs argue that they face "imminent and irreparable harm, including loss of housing, deprivation of property rights, and potential homelessness," should defendants proceed with evicting plaintiffs. Mot. 1.

8

Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies. *See Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007). To secure a temporary restraining order or a preliminary injunction, plaintiffs must establish the following elements: "(1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of [their] claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in [their] favor . . . ; and (3) that a preliminary injunction is in the public interest." *Conn. State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022).

Here, plaintiffs have failed to show that they are likely to succeed on the merits of their claims or to raise sufficiently serious questions going to the merits of their claims. As determined above, plaintiffs have failed to establish a basis for the exercise of this Court's subject matter jurisdiction given federal courts lack jurisdiction to review or vacate a state court judgment of foreclosure and sale, or an eviction pursuant to a state court order. *See Vossbrink v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426–27 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005)); *see also Brooks v. Aiden 0821 Cap. LLC*, No. 19-cv-06823, 2020 WL 4614323, at *3 (E.D.N.Y. July 22, 2020) ("[T]o the extent Plaintiff challenges the sale of her home pursuant to a state court judgment of foreclosure and sale, or an eviction pursuant to a state court order, this Court is barred from granting such relief."); *Jing Chun Wu v. Levine,* No. 05-cv-01234, 2005 WL 2340722, at *2 (E.D.N.Y. June 3, 2005), *aff'd*, 314 F. App'x (2d Cir. 2009) ("Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine."). Thus, "[i]n the absence of a complaint setting out the basis for jurisdiction, the Court lacks the jurisdiction to grant a temporary restraining order." *Houle v. Wells Fargo, NA*, No. 23-cv-06634, 2023 WL 7388252, at *3 (W.D.N.Y. Nov. 8, 2023).

Accordingly, plaintiffs' motion for a preliminary injunction and temporary restraining order is **DENIED**.

## CONCLUSION

Plaintiffs' motion for a preliminary injunction and temporary restraining order is **DENIED**. Plaintiffs are directed to Show Cause by filing a written document on or before October 3, 2025 setting forth why the action should not be dismissed without prejudice for lack of subject matter jurisdiction as discussed above. Fed. R. Civ. P. 12(h)(3).

If plaintiffs fail to comply with this Order within the time allowed, or plaintiffs' response fails to establish the Court's subject matter jurisdiction, the action shall be dismissed without prejudice for lack of subject matter jurisdiction and judgment shall enter.

Defendants' request for a pre-motion conference is held in abeyance pending resolution of the Court's Order to Show Cause. All further proceedings shall be stayed.

Although plaintiffs paid the filing fee to bring the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                               */s/ Natasha C. Merle*
                                               NATASHA C. MERLE
                                               United States District Judge

Dated:       September 3, 2025
                Brooklyn, New York